Office of the Attorney General · State of Texas



September 1, 2000

Mr. Randall S. James
Commissioner
Texas Department of Banking
2601 North Lamar Boulevard
Austin, Texas 78705-4294

Opinion No. JC-0279

Re: Authority of individual designated to handle disposition arrangements for a decedent to modify the terms of a prepaid funeral benefits contract, and related questions (RQ-0215-JC)

Dear Commissioner James:

You ask whether and to what extent section 711.002(g) of the Texas Health and Safety Code prevents the person handling disposition arrangements for a decedent from changing the funeral arrangements specified in a prepaid funeral benefits contract. Section 711.002(g) of the Health and Safety Code states that a person may provide written directions for the disposition of his or her remains in a prepaid funeral contract, among other written instruments, and that these directions may be modified or revoked only in a signed writing. You ask to what extent section 711.002(g) of the Health and Safety Code limits changes in the funeral arrangements specified in a prepaid funeral benefits contract if the decedent signed the contract and is the named beneficiary. Section 711.002(g) applies only to changes in directions for "disposition" of the decedent's remains that are included in a prepaid funeral services contract (or other written instrument), that is, directions for burial or an alternative, such as cremation, whereby the remains reach their final resting place. If the decedent is the named beneficiary but did not purchase and sign the contract, section 711.002(g) does not apply to changes of the disposition instructions found in a prepaid funeral services contract. The application of section 711.002(g) is not affected by the fact that the contract is not fully paid at the time of the purchaser/beneficiary's death.

Chapter 154 of the Texas Finance Code vests in the Texas Department of Banking ("the Department") regulatory power over the business of selling prepaid funeral services and merchandise. *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 132 (Tex. App.–Austin, 1986, writ ref'd n.r.e.). Sellers of prepaid funeral benefits must hold a permit issued by the Department and must comply with provisions designed to protect the funds received from purchasers. TEX. FIN. CODE ANN. ch. 154, subchs. C. (permit requirement); E. (insurance-funded prepaid funeral benefits); F. (trust-funded prepaid funeral benefits) (Vernon 1998 & Supp. 2000). Sales contracts for prepaid funeral benefits must be on a form approved by the Department, and must "state the details of the prepaid funeral benefits to be provided, including a description and specifications of the material used in the caskets or grave vaults to be furnished." *Id.* § 154.151 (Vernon 1998). "Prepaid funeral benefits" means "prearranged or prepaid funeral or cemetery

services or funeral merchandise, including an alternative container, casket, or outer burial container." *Id.* § 154.002(8) (Vernon Supp. 2000). It does not include a "grave, marker, monument, tombstone, crypt, niche, plot, or lawn crypt" unless it is sold in contemplation of trade for a funeral service or funeral merchandise subject to chapter 154. *Id.* "Funeral service" is defined as a service sold or offered for sale on a preneed basis that may be used to:

> (A)     care for and prepare a deceased human body for burial, cremation, or other final disposition; and

> (B)     arrange, supervise, or conduct a funeral ceremony or the final disposition of a deceased human body.

*Id.* § 154.002(12).

You first inquire about the extent to which section 711.002(g) of the Health and Safety Code bars a person handling disposition arrangements from changing the funeral arrangements specified in a matured prepaid funeral benefits contract if the decedent, as purchaser, signed the contract and is the named beneficiary. You state that a "matured" contract is a contract that has become performable due to the death of the beneficiary. Request Letter at 2 n.3.[1]

Section 711.002 of the Health and Safety Code provides in part as follows:

> (a) *Unless a decedent has left directions in writing* for the disposition of the decedent's remains as provided in Subsection (g), the following persons, in the priority listed, have the right to control the disposition, including cremation, of the decedent's remains . . . :

> > (1) the person designated *in a written instrument signed by the decedent*; . . .

> > . . . .

> (g) A person may provide written directions for the disposition, including cremation, of the person's remains in a will, *a prepaid funeral contract*, or a written instrument signed and acknowledged by such person. The directions may govern the inscription to be placed on a grave marker attached to any plot in which the decedent had the right of sepulture at the time of death and in which plot the decedent is subsequently interred. *The directions may be modified or revoked only by a subsequent writing signed and*

---

[1]Letter from Randall S. James, Commissioner, Texas Department of Banking, to Honorable John Cornyn, Attorney General of Texas (April 3, 2000) (on file with Opinion Committee).

> *acknowledged by such person.* The person otherwise entitled to control the disposition of a decedent's remains under this section shall faithfully carry out the directions of the decedent to the extent that the decedent's estate or the person controlling the disposition are financially able to do so.

TEX. HEALTH & SAFETY CODE ANN. § 711.002(a), (g) (Vernon Supp. 2000) (emphasis added).

Section 711.002 of the Health and Safety Code enables a person to control the disposition of his remains. This provision addresses changes in prepaid funeral contracts only to the extent that they govern "the disposition . . . of the person's remains." The effect of section 711.002(g) on the modification of such contracts depends on the meaning of "the disposition . . . of the person's remains."

Neither the phrase "disposition . . . of the person's remains" nor the term "disposition" are defined in chapter 711 of the Health and Safety Code. Words and phrases are to be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). If words or phrases have acquired a technical or particular meaning, whether by legislative definition or otherwise, they shall be construed accordingly. *Id.* § 311.011(b). We look at this phrase in the context of section 711.002. Subsection 711.002(a) provides that, if the decedent has not left written directions, specific persons "have the right to control the *disposition, including cremation,* of the decedent's remains." (Emphasis added.) Subsection 711.002(g) of the Health and Safety Code states that "[a] person may provide written directions *for the disposition, including cremation,* of the person's remains" in a will, a prepaid funeral contract, or another signed, written instrument. (Emphasis added.) Section 711.001 of the Health and Safety Code defines "interment" as "the permanent disposition of remains by entombment, burial, or placement in a niche." Thus, "disposition" includes the burial, entombment, or cremation of the body. TEX. HEALTH & SAFETY CODE ANN. § 711.001(16) (Vernon Supp. 2000).

"Disposition" is used in the same sense in other statutes. Chapter 651 of the Occupations Code, which regulates funeral directing, defines "funeral service" as a service performed for the care and preparation of a deceased person "for burial, cremation, or other *disposition.*" TEX. OCC. CODE ANN. § 651.001(8) (Vernon 2000) (emphasis added). The statute defines additional terms in connection with preparation of the remains "for burial, cremation, or other *disposition.*" *See id.* §§ 651.001(4) (funeral director); 651.001(7) (funeral merchandise) (emphasis added). Disposition of a body also includes the place of burial. *See generally* Frank D. Wagner, J.D., Annotation, *Enforcement of Preference Expressed by Decedent as to Disposition of his Body After Death*, 54 A.L.R.3d 1037 (1973). Moreover, in discussing a county's disposition of a pauper's remains, we have determined that "disposition" includes burial, cremation, or donation of the body to a medical facility. Tex. Att'y Gen. Op. JC-228 (2000) at 5. We conclude that in section 711.002(g) of the Health and Safety Code "disposition" means burial or an alternative, such as cremation, whereby human remains attain their final resting place. Accordingly, directions for disposition included in the decedent's contract for prepaid funeral services (*i.e.*, for burial, cremation or entombment) may

be modified or revoked only by a subsequent writing signed and acknowledged by the decedent. TEX. HEALTH & SAFETY CODE ANN. § 711.002(g) (Vernon Supp. 2000). Section 711.002(g) does not apply to other purchases of funeral merchandise or services that may be covered by a prepaid funeral services contract.

With respect to the first question, you ask whether it makes a difference that the contract is not fully paid and has a balance due at the time of the purchaser/beneficiary's death. Request Letter at 2. Section 711.002 provides that a person's written directions in a will, a prepaid funeral contract, or a written instrument signed and acknowledged by that person as to the disposition of his or her remains "may be modified or revoked *only* by a subsequent writing signed and acknowledged by such person." TEX. HEALTH & SAFETY CODE ANN. § 711.002(g) (Vernon Supp. 2000) (emphasis added). It does not authorize changes in the disposition of the person's remains merely because the prepaid funeral contract has a balance due at the time of the purchaser's death. The prepaid funeral contract is not necessarily the only source of funds to pay for the beneficiary's funeral, because funeral expenses are also claims upon a decedent's estate. TEX. PROB. CODE ANN. § 3(c) (Vernon Supp. 2000). As we have stated, however, section 711.002(g) of the Health and Safety Code does not apply to all purchases of funeral merchandise or services that may be covered by a prepaid funeral services contract. Thus, section 711.002(g) does not apply to certain changes in prepaid funeral contracts, such as the number of limousines provided for relatives of the deceased.

You next ask about the effect of section 711.002(g) on modifications of prepaid funeral contracts if the decedent is the named beneficiary but did not purchase and sign the contract. Request Letter at 2. We answer this question by reading the reference to prepaid funeral contracts in its context in section 711.002. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). Section 771.002 refers to written directions for disposition of the decedent's remains that have been signed by the decedent. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.002(a) (Vernon Supp. 2000) (listing persons who have right to control disposition of decedent's remains "[u]nless a decedent has left directions in writing for the disposition of the decedent's remains as provided in Subsection (g)"). Such written directions may be modified or revoked only by a "subsequent writing signed and acknowledged by such person." *Id.* § 711.002(g). The written directions must be left by the decedent and must be as provided by subsection 711.002(g), which states that a person may provide written directions for the disposition of his or her remains "in a will, a prepaid funeral contract, or a written instrument signed and acknowledged by such person." A will is ordinarily signed by the testator in person or by another person for him by his direction. TEX. PROB. CODE ANN. § 59 (Vernon Supp. 2000). A "written instrument signed and acknowledged" by the person clearly bears the decedent's signature. In our opinion, only a prepaid funeral contract signed by the decedent is subject to the restrictions of subsection 711.002(g). In this way, we read the reference to "prepaid funeral contract" consistently with its immediate context. Moreover, a person may modify or revoke written directions for disposition of his or her remains only "by a subsequent writing signed and acknowledged by such person." TEX. HEALTH & SAFETY CODE ANN. § 711.002(g) (Vernon Supp. 2000). It is consistent with this provision to conclude that the prepaid funeral contract subject to section 711.002(g) must have been signed by the person who is the beneficiary of the contract.

You fourth question is as follows:

> If the purchaser of a prepaid funeral benefits contract is the contract beneficiary, must he or she comply with the acknowledgment requirements of § 711.002(g) in order to cancel or modify the contract?

Request Letter at 2. You inquire about circumstances where the beneficiary of the prepaid funeral benefits contract has signed as purchaser so that the contract is subject to section 711.002(g) of the Health and Safety Code. The beneficiary of the contract is not required to comply with the acknowledgment requirements of section 711.002(g) in order to change any provisions of the contract except those that direct the "disposition" of the remains as defined in answer to your first question.

## S U M M A R Y

Pursuant to section 711.002(g) of the Texas Health and Safety Code, a person may provide written directions for the disposition of his or her remains in a signed, written instrument, including a prepaid funeral contract, and these directions may be modified or revoked only in a signed writing. Section 711.002(g) applies only to changes in directions for disposition of the decedent's remains, that is, directions for burial or an alternative, such as cremation, whereby the remains reach their final resting place, and does not apply to other goods and services purchased under a prepaid funeral services contract. If the decedent is the named beneficiary but did not purchase and sign the prepaid funeral services contract, section 711.002(g) does not apply to changes of the disposition instructions found in a prepaid funeral services contract. The application of section 711.002(g) is not affected by the fact that the contract is not fully paid at the time of the purchaser/beneficiary's death.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee